**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**LUIS ALBERTO BERMUDEZ,**

        **Plaintiff,**

**v.**                                                      **Case No:  6:17-cv-1356-Orl-41GJK**

**COMMISSIONER OF SOCIAL**
**SECURITY,**

        **Defendant.**

---

## REPORT AND RECOMMENDATION

Luis Alberto Bermudez (the "Claimant"), appeals to the District Court from a final decision of the Commissioner of Social Security (the "Commissioner") denying his applications for Supplemental Security Income benefits and Social Security Disability Insurance benefits. Doc. No. 1. Claimant alleges a disability onset date of August 27, 2013. R. 198. Claimant argues that the decision of the Administrative Law Judge (the "ALJ") should be reversed because 1) Claimant's major depressive disorder meets a listing; 2) the ALJ's conclusion that Claimant's treating physician's medical opinion is entitled to little weight is not supported by substantial evidence; 3) the ALJ failed to properly evaluate Claimant's treating physician's medical opinions; and 4) the residual functional capacity ("RFC"), as determined by the ALJ, was not based on substantial evidence.[1] Doc. No. 18 at 14-18, 22-23, 27-29, 30-31. For the reasons set forth below, it is **RECOMMENDED** that the Commissioner's decision be **AFFIRMED**.

---

[1] The hearing before the ALJ was February 22, 2016, and the ALJ's decision is dated March 16, 2016. R. 23, 41.

## I. STANDARD OF REVIEW

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g) (2010). Substantial evidence is more than a scintilla – i.e., the evidence must do more than merely create a suspicion of the existence of a fact and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). Where the Commissioner's decision is supported by substantial evidence, the District Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The Court must view the evidence as a whole, considering evidence that is favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560. The District Court "'may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner].'" *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

## II. ANALYSIS

Claimant argues that the ALJ's decision is erroneous because 1) Claimant's major depressive disorder meets Listing 12.04; 2) the ALJ's conclusion that Claimant's treating physician's medical opinion is entitled to little weight is not supported by substantial evidence; 3) the ALJ failed to properly evaluate Claimant's treating physician's medical opinions; and 4) the RFC, as determined by the ALJ, was not based on substantial evidence. Doc. No. 18 at 14-18, 22-23, 27-29, 30-31.

### A. Whether Claimant Meets Listing 12.04

Claimant argues that his major depressive disorder meets Listing 12.04, and thus the ALJ should have found that his depression was "severe enough to prevent [him] from doing any gainful activity." Doc. No. 18 at 14. At step three of the ALJ's sequential analysis,[2] the ALJ must consider whether a claimant's impairments, individually or in combination, meet or equal any of the impairments contained in the Listing of Impairments (the "Listings"). The Listings identify impairments which are considered severe enough to prevent a person from engaging in gainful activity. 20 C.F.R. § 404.1525(a). By meeting a listed impairment or otherwise establishing an equivalence, a claimant is presumptively determined to be disabled regardless of age, education, or work experience. *Id.* Thus, an ALJ's sequential evaluation of a claim ends if the claimant can establish the existence of a listed impairment at step three. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a).

If the claimant contends that an impairment meets a listing, the claimant bears the burden of "present[ing] specific medical findings that meet the various tests listed under the description of the applicable impairment . . . ." *Wilkinson ex rel. Wilkinson v. Bowen*, 847 F.2d 660, 662 (11th Cir. 1987) (per curiam). In doing so, the claimant must have a diagnosed condition that is included in the Listings. *Id.* Diagnosis of a listed impairment is not enough, however, as the claimant must also provide objective medical reports documenting that his impairment meets the specific criteria of the applicable listing. *Id.*; *accord Wilson v. Barnhart*, 284 F.3d 1219, 1224 (11th Cir. 2002) (per curiam). Further, "[a]n impairment that manifests only some of [the specific] criteria [of the applicable impairment], no matter how severely, does not qualify."

---

[2] See *McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986), and 20 C.F.R. § 404.1520(a)(4) (2012), for a description of the five-step sequential process to determine whether a claimant is entitled to supplemental security income and disability insurance benefits.

*Sullivan v. Zebley*, 493 U.S. 521, 530 (1990), *superseded by statute on other grounds as stated in Colon v. Apfel*, 133 F. Supp. 2d 330, 338-39 (S.D.N.Y. 2001).

The version of Listing 12.04 that was in effect at the time of Claimant's hearing before the ALJ and the ALJ's decision relates to affective disorders, which are "[c]haracterized by a disturbance of mood, accompanied by a full or partial manic or depressive syndrome." 20 C.F.R. § Pt. 404, Subpt. P, App. 1 (effective August 12, 2015 to May 23, 2016). To meet Listing 12.04, Claimant must satisfy the requirements in both subsections A and B or C. *Id.* Subsection C is not at issue in this case, and the Commissioner argues only that Claimant cannot meet the requirements of subsection B. Doc. No. 18 at 21. To meet B, Claimant must have at least two of the following: "1. Marked restriction of activities of daily living; or 2. Marked difficulties in maintaining social functioning; or 3. Marked difficulties in maintaining concentration, persistence, or pace; or 4. Repeated episodes of decompensation, each of extended duration[.]" 20 C.F.R. § Pt. 404, Subpt. P, App. 1 (effective August 12, 2015 to May 23, 2016).[3]

Although Claimant argues that he meets Listing 12.04, this is not the standard of review. The standard of review is whether the ALJ's determination that Claimant did not meet Listing 12.04 is supported by substantial evidence. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991). Only the ALJ's decision regarding B will be evaluated here, as Claimant must meet the

---

[3] In the Joint Memorandum, Claimant states and argues the current version of Listing 12.04, but that version was not effective until August 22, 2017. Doc. No. 16. The hearing before the ALJ occurred on February 22, 2016, R. 41, and the ALJ's decision was issued on March 16, 2016, R. 20. In responding to Claimant's argument, the Commissioner relies on the version of Listing 12.04 that was in effect during the hearing and decision. Doc. No. 18 at 19-21. Bizarrely, neither side comments on the other's reliance on a conflicting version of the Listing. Instead, the parties leave it to the Court to ascertain the discrepancy and discern which version to apply. The purpose of the Joint Memorandum is "to facilitate the prompt disposition of this case by the Court . . . ." Doc. No. 14 at 1. This purpose is thwarted if the parties do not pay attention to their opposing party's arguments and discuss glaring inconsistencies between them. Additionally, the parties should be cognizant that the Court has neither the time nor the desire to read the applicable standard twice within the same Joint Memorandum, and therefore they should work together to prevent redundancy.

requirements of both A and B to meet Listing 12.04, the Commissioner only contests Claimant's arguments regarding B, and the ALJ did not address A.

The ALJ found that Claimant had moderate restrictions in activities of daily living, moderate difficulties in social functioning, and moderate difficulties in concentration, persistence or pace.[4] R. 27. On April 1, 2014, Dr. Raena Baptiste-Boles, Psy.D., conducted a Confidential Psychological Evaluation of Claimant. R. 391-93. In it, she stated that Claimant's "symptoms are moderately impacting his employment, relationship, and overall daily living abilities." R. 393. Claimant does not challenge Dr. Baptiste-Boles's Evaluation and in fact relies on it in arguing that Claimant meets the requirements of subsection A. Doc. No. 18 at 15-16.

Additionally, the ALJ references specific facts in the record supporting his findings. Regarding finding moderate restrictions in activities of daily living, the ALJ points to Claimant being able to bathe, dress, and use the restroom without incident; driving independently; making basic meals; "completing cleaning tasks within limitations as long as it does not involve physical exertion[;]" and fixing his car. R. 27. Regarding finding moderate difficulties in social functioning, the ALJ notes that Claimant said that he receives social and emotional support from his family. R. 27. Finally, regarding moderate difficulties in concentration, persistence, or pace, the ALJ points to Claimant's hobbies of watching television and reading. R. 27. These articulated reasons (which Claimant does not challenge) are supported by the record, and combined with Dr. Baptiste-Boles's evaluation, provide substantial evidence that Claimant does not meet two of the four factors in Listing 12.04B.

---

[4] There is no argument that Claimant did not have an episode of decompensation of extended duration and thus does not meet the fourth factor of B. Doc. No. 18 at 16-22.

### B.      Weight Afforded Claimant's Treating Physician's Opinion

Claimant argues that the ALJ's decision to afford little weight to the opinion of his treating physician, Dr. Miguel Burgos, M.D., regarding his Mental Capacity Assessment ("MCA") is not supported by substantial evidence. Doc. No. 18 at 22-23. The record contains only three sets of medical records from Dr. Burgos. R. 323, 456-58. The first is a January 23, 2014 note that is mostly illegible, but does indicate that Claimant has recurrent abdominal pain and was prescribed Oxycodone. R. 323. The second set consists of records dated December 19, 2014, and contains: notes that include a review of symptoms, physical examination findings, diagnoses, a case plan that includes obtaining the old chart and anticipates follow-up in four weeks, R. 456-58; an RFC questionnaire, R. 462-63; and the MCA, R. 464-66. In the MCA, which was completed on the same day as the RFC questionnaire, Dr. Burgos opined that Claimant has marked and extreme limitations on his "ability to do work-related activities on a day-today basis in a regular work setting . . . ."[5] R. 462-66. The third set is a duplicate of the RFC questionnaire and the MCA, plus an Onset Date Questionnaire stating that Dr. Burgos treated Claimant since 2013 and opines that Claimant has had the limitations and restrictions in the MCA since 2013. R. 504-10.

Weighing the opinions and findings of treating, examining, and non-examining physicians is an integral part of steps four and five of the ALJ's sequential evaluation process for determining disability. In *Winschel v. Commissioner of Social Security*, the Eleventh Circuit held that whenever a physician offers a statement reflecting judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis, and prognosis, what the claimant

---

[5] Although Dr. Burgos indicates on the RFC questionnaire that he has been treating Claimant since 2012, R. 462, the record does not contain any documents from Dr. Burgos from 2012 or 2013. Claimant was represented by counsel during the administrative proceedings, R. 41, and it was his duty to develop the record. Claimant does not argue that the record was not fully developed. Doc. No. 18 at 14-32.

can still do despite his or her impairments, and the claimant's physical and mental restrictions, the statement is an opinion requiring the ALJ to state with particularity the weight given to it and the reasons therefor. 631 F.3d 1176, 1178-79 (11th Cir. 2011) (citing 20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2); *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987)).

Absent good cause, the opinion of a treating physician must be accorded substantial or considerable weight. *Lamb v. Bowen*, 847 F.2d 698, 703 (11th Cir. 1988). Good cause exists to give a treating physician's opinion less than substantial weight when the opinion is not bolstered by the evidence, the evidence supports a contrary finding, or the opinion is conclusory or inconsistent with the physician's medical records. *Johnson v. Barnhart*, 138 F. App'x 266, 270 (11th Cir. 2005) (quoting *Phillips*, 357 F.3d at 1240-41).

The ALJ rejected Dr. Burgos's opinions in the MCA for two reasons: "its internal inconsistency" and because "there is no evidence that Dr. Burgos ever treated the claimant for any mental health symptom." R. 32. Regarding the second reason, Claimant argues that there is evidence that Dr. Burgos treated him for his mental health symptoms. Doc. No. 18 at 23. Claimant argues that Dr. Burgos diagnosed him with depression. *Id.* Diagnosis, however, is not treatment. Claimant also argues that Dr. Burgos was Claimant's treating physician and that one of Claimant's prescribed medications was Citalopram, which is used to treat depression. *Id.* Claimant does not cite any support in the record that Dr. Burgos prescribed Citalopram to Claimant, and Dr. Burgos's treatment notes do not list that prescription. R. 323-26, 456-60.

Dr. Burgos's failure to treat Claimant for his mental health issues is inconsistent with and does not bolster his opinions that those mental health issues cause marked and extreme limitations on Claimant's "ability to do work-related activities on a day-today basis in a regular work setting . . . ." R. 464. Thus, even if the Court views Dr. Burgos's opinion regarding

Claimant's mental health as that of a treating physician, substantial evidence supports the ALJ's decision to give Dr. Burgos's opinions in the MCA little weight.

Regarding rejecting the opinion "due to its internal inconsistency," the ALJ does not articulate the alleged internal inconsistency. R. 32. Instead, the ALJ states this is "noted in the earlier part of this decision . . . ." R. 32. As Claimant points out, the earlier part of the ALJ's decision rejected Dr. Burgos's opinion on Claimant's physical abilities due to inconsistencies between the limitations Dr. Burgos assessed and his treatment notes. R. 30. The ALJ provided specific examples of those inconsistencies. R. 30. Although the inconsistencies the ALJ refereed to related to Dr. Burgos's RFC questionnaire, which only referred to physical abilities, the RFC questionnaire and the MCA were prepared on the same day. R. 462-66. The ALJ provided specific, credible examples of the inconsistencies in the RFC questionnaire, R. 30, and Claimant did not challenge this finding, Doc. No. 18 at 14-32. It cannot be said that it was error for the ALJ to take such inconsistencies into account when evaluating the MCA issued that same day.

### C. Evaluation of Medical Opinions

Claimant's third argument is that the ALJ failed to properly evaluate Claimant's treating physician's medical opinions. Doc. No. 18 at 27-29. Under this heading, Claimant argues that the opinion of the psychiatric nurse practitioner that treated him shows consistency with Dr. Burgos's opinion regarding the severity of Claimant's depression. *Id.* at 28. Claimant then argues that the ALJ should not have accepted and relied upon the reports of two consultative examiners completed before Claimant attended counseling sessions in 2015 and 2016. *Id.* at 28-29. Finally, Claimant argues that Dr. Burgos's opinions regarding Claimant's mental health are the only opinions that are consistent with the records of Claimant's ongoing mental health treatment in 2015 and 2016. *Id.* at 29.

As discussed above, substantial evidence supports the ALJ's decision to give little weight to Dr. Burgos's opinions regarding the limitations on Claimant's ability to work due to his mental health. *See supra* Part II.B. Claimant's arguments here go to the weight of the evidence, as he asks the Court to assign more weight to Dr. Burgos's opinion because it is consistent with other evidence and to weigh more-recent opinions more heavily than earlier ones. The weight the ALJ gives the evidence is not within the Court's province to revisit. *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (district court may not reweigh the evidence). Thus, it is recommended that the Court reject this argument.

### D.     The RFC Determination

Claimant argues that the RFC the ALJ assigned him was not based on substantial evidence. Doc. No. 18 at 30-31. The ALJ assigned Claimant the following RFC:

> [L]ight work as defined in 20 CFR 404.1567(b) and 416.967(b) with ability to carry, lift, push and pull 20 pounds occasionally and 10 pounds frequently, and to sit, stand or walk for 6 hours each in an 8-hour workday. The claimant must work at jobs that can be performed either sitting or standing. He can occasionally climb ladders and scaffolds but is not limited in climbing stairs and ramps, balancing, stooping, kneeling, crouching and crawling. In addition to these postural limitations, the claimant must avoid even moderate exposure to hazards. He can only perform simple routine and repetitive tasks, with only occasional interaction with supervisors and coworkers, but no interaction with the public.

R. 28.

Claimant's first argument is that the ALJ gave the opinion of Dr. Baptiste-Boles great weight, but the ALJ did not explain how she applied Dr. Baptiste-Boles's prognosis of "guarded" regarding Claimant's mental health to the RFC. *Id.* at 30-31.

The ALJ found that Claimant's dysphagia, peptic ulcer, status post shoulder arthroscopy, anxiety disorder, and major depression are severe impairments. R. 25. The ALJ also stated that

she considered "all symptoms" in making her RFC finding. R. 28. This "statement[ is] enough to demonstrate that the ALJ considered all necessary evidence." *Tuggerson-Brown v. Comm'r of Soc. Sec.*, 572 F. App'x 949, 951-52 (11th Cir. 2014). Additionally, a prognosis is not a functional limitation. In the RFC, the ALJ included the limitation that Claimant "can only perform simple routine and repetitive tasks, with only occasional interaction with supervisors and coworkers, but no interaction with the public." R. 28. Limiting interaction with others accounts for a moderate difficulty in social functioning due to depression. *Washington v. Soc. Sec. Admin., Comm'r*, 503 F. App'x 881, 883 (11th Cir. 2013) ("The ALJ took account of [the claimant's] moderate limitations in social functioning by asking the VE a hypothetical question that included the restriction that [the claimant] was limited to jobs that involved only occasional interaction with the general public and coworkers . . . ."). Thus, the ALJ did account for Claimant's depression in the RFC.

Claimant's other argument regarding the RFC is that the RFC does not take into account the following:

- o the likelihood that Claimant's limitations, including sleeplessness, recurring abdominal pain, and depression would likely cause him to be absent from work, on the average, three days per month;
- o Claimant's marked limitations in his ability to understand and remember very short and simple instructions;
- o Claimant's marked limitations in the ability to maintain regular attendance and be punctual within customary tolerances;
- o Claimant's marked limitation in his ability to "sustain an ordinary routine without special supervision[;]"

- o Claimant's marked limitation in his ability to complete a normal work day without interruptions from psychologically-based symptoms; and

- o Claimant's marked limitation in his ability to be aware of normal hazards and take appropriate precautions.

Doc. No. 18 at 31. Claimant cites to Dr. Burgos's reports to support these limitations, but, as noted above, the ALJ's decision to give Dr. Burgos's opinions regarding Claimant's mental capacity little weight is supported by substantial evidence and Claimant did not challenge the ALJ's decision to give Dr. Burgos's opinions regarding Claimant's physical capabilities little weight. *See supra* Part II.B. As the ALJ gave Dr. Burgos's opinions little weight, the ALJ was under no duty to incorporate the limitations found by Dr. Burgos into the RFC.

Claimant also argues that the RFC fails to take into consideration the agoraphobic events noted in Claimant's counseling report. Doc. No. 18 at 31. The ALJ is not required to "specifically refer to every piece of evidence in his decision," if the court can conclude that the ALJ considered the Claimant's medical condition as a whole. *Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005). Here, the Court can conclude that the ALJ considered Claimant's medical condition as a whole based on the finding of several severe impairments and the numerous limitations placed on the RFC of light work. R. 25, 28. Therefore, Claimant's arguments regarding the RFC do not warrant reversal.

### III. <u>CONCLUSION</u>

For the reasons stated above, it is **RECOMMENDED** that:

1. The final decision of the Commissioner be **AFFIRMED**; and

2. The Clerk be directed to enter judgment for the Commissioner and close the case.

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. Failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

**RECOMMENDED** in Orlando, Florida, on April 10, 2018.

GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

The Court Requests that the Clerk
Mail or Deliver Copies to:

Suzanne Lynn Harris, Esq.
Of counsel, Olinsky Law Group
One Park Place
300 South State Street, Suite 420
Syracuse, NY 13202

Marcia Chapa Lopez
United States Attorney
John F. Rudy, III
Assistant United States Attorney
Suite 3200
400 N. Tampa St.
Tampa, FL 33602

Christopher Harris, Regional Chief Counsel
John C. Stoner, Deputy Regional Chief Counsel
Jerome M. Albanese, Branch Chief
W. Kevin Snyder, Assistant Regional Counsel
Social Security Administration
Office of the General Counsel, Region IV

Sam Nunn Atlanta Federal Center
61 Forsyth Street S.W., Suite 20T45
Atlanta, Georgia 30303-8920


The Honorable Maria Teresa Mandry
Administrative Law Judge
c/o Office of Disability Adjudication and Review
SSA ODAR Hearing Ofc
3505 Lake Lynda Dr.
Suite 300
Orlando, FL 32817-9801