UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**LUIS ALBERTO BERMUDEZ,**

        **Plaintiff,**

**v.**                                                                      **Case No: 6:17-cv-1356-Orl-41GJK**

**COMMISSIONER OF SOCIAL
SECURITY,**

        **Defendant.**
_____/

## ORDER

THIS CAUSE is before the Court on Plaintiff's Complaint (Doc. 1). Plaintiff seeks review from a final decision of the Commissioner of Social Security denying his claim for Social Security Disability benefits and Supplemental Security Income. United States Magistrate Judge Gregory J. Kelly submitted a Report and Recommendation ("R&R," Doc. 19), in which he recommends that the Court affirm the Commissioner's final decision. Plaintiff filed an Objection to the R&R (Doc. 20), to which the Commissioner filed a Response (Doc. 21). After an independent *de novo* review of the record, the R&R will be adopted.

## I.     LEGAL STANDARD

Pursuant to 28 U.S.C. § 636(b)(1), when a party makes a timely objection, the Court shall review *de novo* any portions of a magistrate judge's report and recommendation concerning specific proposed findings or recommendation to which an objection is made. *See also* Fed. R. Civ. P. 72(b)(3). *De novo* review "require[s] independent consideration of factual issues based on the record." *Jeffrey S. v. State Bd. of Educ. of Ga.*, 896 F.2d 507, 513 (11th Cir. 1990) (per curiam).

The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

## II.  ANALYSIS

Plaintiff raises only one objection to the R&R—that Judge Kelly erred in finding that substantial evidence supported the ALJ's decision to assign little weight to the medical opinion of Plaintiff's treating physician, Dr. Miguel Burgos, regarding Plaintiff's Mental Capacity Assessment ("MCA"). (Doc. 20 at 1–3). Specifically, Plaintiff argues that "Dr. Burgos' opinion was not inconsistent with his treatment notes and observations of Plaintiff's mental status" and that the ALJ failed to clearly articulate the reasons for giving less weight to Dr. Burgos's opinion. (*Id.* at 3). Accordingly, Plaintiff requests that the Court remand this case for further administrative proceedings.

A treating physician's medical opinion must be given substantial or considerable weight unless the opinion is not bolstered by the evidence, the evidence supports a contrary finding, or the opinion is conclusory or inconsistent with the physician's medical records. *Johnson v. Barnhart*, 138 F. App'x 266, 270 (11th Cir. 2005). As Judge Kelly observed, the ALJ articulated two reasons for assigning little weight to the Dr. Burgos's medical opinions in the MCA: (1) "its internal inconsistency" and (2) that "there is no evidence that Dr. Burgos ever treated the claimant for any mental health symptom." (Doc. 19 at 7 (quoting R. at 32)). Plaintiff's Objection only addresses the first reason, asserting that the ALJ improperly relied on inconsistencies in Dr. Burgos's opinion of Plaintiff's *physical* abilities in discounting Dr. Burgos's opinion of Plaintiff's *mental* abilities. Plaintiff's argument misconstrues the ALJ's analysis.

The ALJ concluded that Dr. Burgos's opinion as to Plaintiff's mental abilities was not entitled to controlling weight as a treating physician because there was no evidence that Dr. Burgos

ever treated Plaintiff for any mental symptoms. As explained by Judge Kelly, this conclusion was supported by the record.[1] (Doc. 19 at 7–8). Moreover, the ALJ still engaged in the required analysis of Dr. Burgos's "medical opinion based on" among other things, "the medical evidence supporting the opinion," its "consistency with the record [as] a whole," and "other factors which tend to support or contradict the opinion." *Logreco v. Astrue*, No. 5:07-cv-80-Oc-10GRJ, 2008 WL 783593, at *10 (M.D. Fla. Mar. 20, 2008).

In doing so, the ALJ referenced a number of internal inconsistencies in Dr. Burgos's opinions as to Plaintiff's physical abilities, (*see* R. at 30 (listing inconsistencies in Dr. Burgos's physical residual functional capacity assessment), 32 (referencing those inconsistencies in giving little weight to Dr. Burgos's MCA)), which forms the basis of Plaintiff's objection. Such inconsistencies weigh on the overall credibility of Dr. Burgos and, therefore, were properly considered by the ALJ as a factor that tends to support or contradict the opinion. Moreover, the ALJ also examined the other medical evidence on the record and concluded that it contradicted Dr. Burgos's opinion. (*Id.* at 31–32). Therefore, the Court agrees with the analysis set forth in the R&R and finds that substantial evidence supports the ALJ's decision to afford little weight to Dr. Burgos's opinions in the MCA.

### III.    CONCLUSION

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. The Report and Recommendation (Doc. 19) is **ADOPTED** and **CONFIRMED** and made part of this Order.

2. The Commissioner's final decision is **AFFIRMED**.

3. The Clerk is directed to enter judgment accordingly and close this case.

---

[1] Notably, Plaintiff does not object to Judge Kelly's analysis in this regard.

**DONE** and **ORDERED** in Orlando, Florida on September 27 2018.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record